IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PARK and BRANDY LEE PARK, individually and as parents and legal guardians of minor children ERIE PARK, JOSHUA MICHAEL PARK, ELIZABETH MAE PARK, and DESIREE MARIE TARANTINO,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **GARY VEASIE, individually and in his official capacity; OFFICER MICHAEL BOGART, individually and in his official capacity; OFFICER BRIAN MARKOCHIK, individually and in his official capacity; and, THE BOROUGH OF WEATHERLY,** : <br> : <br> **Defendants** : | **CIVIL NO. 3:09-CV-2177** <br><br> **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Plaintiffs Michael and Brandy Park bring this civil rights case on their own behalf, and on behalf of their minor children, as a result of Defendants' search of their home on September 18, 2008. Before the court is (1) Defendants' Motion to Strike Portions of Plaintiffs' Statement of Material Facts and Exhibit in Support of Plaintiffs' Motion for Summary Judgment (Doc. 63) and (2) Defendants' Motion to Have Certain Paragraphs of Defendants' Statement of Material Facts in Support of Defendants' Motion for Summary Judgment Deemed Admitted (Doc. 65). The parties have briefed the issues and both motions are ripe for disposition.

**I.        Background**

        Because the parties' statements of material facts accompanying their respective pending summary judgment motions are the subject of this memorandum, the factual record is, at this point, unclear and appears to be at least partially contested.  The court will therefore refrain from providing an exhaustive factual recitation.  For the purposes of this memorandum, it is sufficient to provide that this case arises from a search of Plaintiffs' home on September 18, 2008.[1]  Plaintiffs' second amended complaint asserts fifteen counts.  In Counts I-XII, Plaintiffs assert federal causes of action under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Specifically, in these counts, Plaintiffs assert that Defendants violated Plaintiffs' rights of: (1) freedom from unlawful arrest and seizure; (2) freedom from prosecution without probable cause; (3) freedom from unreasonable, unjustifiable, and excessive use of force; (4) not to be deprived of liberty and property without due process; (5) freedom from summary punishment; (6) freedom from arbitrary governmental action; and (7) freedom from governmental retaliation against Plaintiffs' exercise of freedom of speech.  In Counts XIII-XV, Plaintiffs assert supplemental state law causes of action.

        On January 21, 2011, Plaintiffs filed a motion for partial summary judgment (Doc. 38) and memorandum of law in support of the motion (Doc. 39).  Defendants subsequently filed a brief in opposition to Plaintiffs' motion for partial summary judgment (Doc. 42) on February 11, 2011, and Plaintiffs filed a reply brief

---

[1] For further discussion of the factual and legal background, parties may refer to this court's memorandum and order dated June 9, 2010.  *Park v. Veasie, et al.,* 720 F. Supp. 2d 658 (M.D. Pa. 2010) (denying in part Defendants' motion to dismiss and granting Plaintiffs leave to file a second amended complaint).

(Doc. 45) on February 17, 2011. On April 4, 2011, the court granted Plaintiff leave to file, *nunc pro tunc*, an enumerated statement of facts to accompany its motion for partial summary judgment.[2] (Doc. 58.)

On March 15, 2011, Defendants filed their own motion for summary judgment (Doc. 48), brief in support (Doc. 49), and statement of material facts (Doc. 50). On April 4, 2011, Plaintiffs filed a counter-statement of facts (Doc. 59) and brief in opposition to Defendants' motion for summary judgment (Doc. 60).

Both summary judgment motions are currently pending before the court. In the interim, Defendants filed the instant motion to strike a portion of Plaintiffs' statement of facts (Doc. 63) and a motion to have portions of its own statement of facts be deemed admitted (Doc. 65). For the reasons set forth below, the court will strike both Plaintiffs' and Defendants' statements of material facts accompanying their respective motions for summary judgment as well as any counter-statements thereto, and will require that the parties re-submit properly written statements of material fact. Accordingly, Defendants' motions will be deemed moot.

**II.     Discussion**

In its motion to strike, Defendants argue that twenty-one out of forty-seven paragraphs in Plaintiffs' statement of facts should be stricken because those paragraphs contain "numerous inflammatory factual assertions, legal conclusions and argument" or because they fail to supply a proper citation to the record. (Br. in Supp. of Mot. to Strike, Doc. 64, at 3.) Defendants further argue that Plaintiffs'

---

[2] Plaintiffs originally submitted a recitation of facts that did not contain separately enumerated paragraphs, as required by Local Rule 56.1. The court granted Plaintiffs' uncontested request to file an enumerated statement of facts to correct this omission.

statement of facts violates Local Rule 56.1 which requires a "short and concise statement of material facts . . . with references to the parts of the record that support the statements." L.R. 56.1.  In response, Plaintiffs challenge the assertion that their statement of facts contains inflammatory and argumentative phrases and argue instead that the statement is "replete with specific, meticulous references to the evidentiary record." (Br. in Response to Def.'s Mot. to Strike, Doc. 72, at 3 of 15.) To the extent that the statement includes inflammatory or argumentative remarks, Plaintiffs state that such characterizations "are simply a function of the untenable facts themselves." (*Id.*, at 11 of 15.)

Following a review of Plaintiffs' statement of material facts, the court finds that Plaintiffs' recitation of the facts does not comport with Local Rule 56.1. The first two paragraphs alone demonstrate the argumentative and conclusive nature of the document:

> 1. On September 10, 2008, Michael Park spoke out at a meeting of the Weatherly Borough Council, exercising his First Amendment right to air his grievances with respect to the *arbitrary and abusive* conduct of members of the local police department. One week after he learned of Mr. Park's public statements, defendant Gary Veasie, the embattled Chief of Police, interrogated seven year old Joshua Park at his elementary school after teachers suspected that the child had brought a marijuana-type pipe to school. Without first notifying Mr. or Mrs. Park, Chief Veasie questioned the little boy *in an effort to elicit incriminating statements concerning Joshua's parents. Armed with a statement of dubious reliability* obtained from a seven year old child who was *improperly interrogated*, Veasie secured a search warrant (but only after he augmented his supporting affidavit with information which he now admits was false). Within hours, five police officers, armed with pistols and a shotgun, converged on the Park residence, *terrifying Mrs. Park and her children. The search was essentially fruitless*, uncovering no drugs, but rather, according to the defendants, only two small pieces of drug paraphernalia.

> 2. *Compounding their outrageous acts*, the defendants *unnecessarily handcuffed* Mr. Park, *inexplicably charged* him with possession of drug paraphernalia, and, *for good measure*, had his seven year old son taken into "protective custody" solely on the basis of *wild, imaginary, and wholly unsubstantiated concerns* for his "safety."

(Doc. 58, ¶¶ 1-2) (emphasis added.) The emphasized portions contain language that the court finds to be unnecessarily argumentative and improperly included in a short and concise statement of material facts. Similar language exists throughout the statement of material facts. Such advocacy is best left to the parties' briefs in support or in opposition to the summary judgment motions. The court notes that both parties were permitted to file briefs well in excess of 15 pages, which they did.[3]

Local Rule 56.1 directs parties moving for summary judgment to supply "a separate, *short and concise* statement of *material* facts, in numbered paragraphs, as to which the moving party contends there is *no genuine issue to be tried*." L.R. 56.1 (emphasis added.) It is the obligation of the movant's counsel to scour the record thoroughly and identify facts that (it would submit) are not in genuine dispute. *Gantt v. Absolute Machine Tools, Inc.*, 2007 U.S. Dist. LEXIS 74337 (M.D. Pa. Oct. 4, 2007) (Smyser, M.J.) (Kane, C.J.). The purpose of the short and concise statement of facts is "to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration to the motion." *Hartshorn v. Throop Borough*, 2009 U.S. Dist. LEXIS 22372, at *8 (M.D. Pa. March 19, 2009) (citations omitted). A proper statement of facts should enable

---

[3] Plaintiffs filed a 56-page brief in support of their summary judgment motion. (Doc. 39.) Defendants filed a 48-page brief in support of their motion for summary judgment. (Doc. 49.) In both cases, the responsive briefing also exceeded 15 pages. (Docs. 42 and 60.)

"the court to identify contested facts expeditiously and [prevent] factual disputes from becoming obscured by a lengthy record." *Pinegar v. Shinseki*, 2009 U.S. Dist. LEXIS 40067, at *2 (M.D. Pa. May 12, 2009).

        To dispose of this motion, the court can consider several options. For example, the court could partially grant the motion and strike those portions of the statement of facts that it finds objectionable. This, however, would hinder rather than facilitate the court's direct and accurate consideration of Plaintiffs' motion for partial summary judgment because, in addition to requiring the court to review the statement of facts line-by-line separating argumentative statements from properly supported factual assertions, it would ultimately leave the court with a still lengthy statement of facts riddled with stricken statements. Alternatively, the court could, as argued by the Plaintiffs, deny the motion and analyze Plaintiffs' statement of facts trying to separate useful information from improper or unsupported entries. (Doc. 72, at 4 of 15) (citing *Glodek v. Jersey Shore State Bank*, 2009 U.S. Dist. LEXIS 77118, *2, n.1 (M.D. Pa. Aug. 28, 2009)). However, such deciphering is an ineffective use of the court's time and resources and it runs contrary to the central purpose of a statement of material facts which is to *aid* the court to *expeditiously* identify factual arguments. Rather, the most effective option is to strike Plaintiffs' entire statement of facts from the record and permit Plaintiffs' to re-file in strict accordance with Local Rule 56.1. In doing so, the court seeks to enforce compliance with our local rules and promote judicial efficiency.

        Defendants have also filed a Motion to Have Certain Paragraphs of Defendants' Statement of Material Facts Deemed Admitted (Doc. 65) that must also be addressed in the context of Local Rule 56.1. Defendants argue that seventy-four

out of ninety-four paragraphs in its statement of facts should be deemed admitted because Plaintiffs either (1) fail to respond as to whether the underlying fact is disputed or undisputed, (2) seek to argue the import of Defendants' factual statement in relationship to the legal issue presented, or (3) point to nothing on the record to controvert the Defendants' asserted facts.  (Doc. 66, at 1-2.)  However, in their motion, Defendants address specific objections to only five of Plaintiffs' responses, apparently leaving it to the court to determine how the other sixty-nine responses are objectionable.  Plaintiffs respond by claiming that they "responded to defendants' Statement of Facts precisely as required by [Local Rule 56.1]" and, in any event, any deficiencies are not so egregious to warrant that we strike, *in toto,* those responses that Defendants find objectionable.  (Doc. 73, at 12 of 15.)

The court's independent review of Defendants' statement of facts and Plaintiffs' response thereto reveals that numerous responses are unclear or otherwise equivocal, either refusing to admit or deny the statement of fact, disputing "for the reasons set forth in the brief" (then failing to include a citation) or lodging an evidentiary objection to purportedly immaterial facts.  *(See*, *e.g.*, Doc. 59, ¶¶ 2, 4-12, 16, 75, 77.)  These responses, although perhaps not deficient to the point of warranting that the corresponding statement of fact be deemed admitted, nevertheless fall short of (1) clearly admitting or denying whether each fact contained in Plaintiffs' statement of facts is undisputed and/or material, (2) setting forth the basis for the denial if any fact is not admitted in its entirety, and (3) providing a citation to the particular pleading, deposition, answer to interrogatory, admission on file or other part of the record that supports the opposing party's denial of any fact denied in whole or in part.  The court's review also reveals that many of the responses at issue

admit to or partially admit to Defendants' corresponding factual statement. Thus, a motion deeming those facts admitted is superfluous. In the end, the court is left with the tedious task of reviewing a lengthy and at times vague statement of material facts[4] and an equally lengthy response in order to determine whether the responses are so inadequate to warrant the fact be deemed admitted, a notion that is entirely at odds with the very purpose of these documents. Moreover, deeming certain facts admitted will not assist the court with the "direct and accurate" consideration of the underlying summary judgment motion because it is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here. Until the summary judgment motions are decided, however, it is not clear how any admitted facts might affect those issues. Accordingly, the court will strike the Defendants' statement of facts (Doc. 50) and the Plaintiffs' counter-statement of facts (Doc. 59) and will permit the parties to re-file in strict accordance with Local Rule 56.1.

**III.** **Conclusion**

In closing, the court offers the following. A short and concise statement of material fact and a concise responsive statement are particularly important where, as here, a voluminous record and lengthy briefs accompany the summary judgment motions. If the court is unable to "expeditiously determine" what, if any, material facts are in dispute, the court can not "directly and accurately" consider the summary judgment motion, and the case must proceed to trial. In this case, the parties seem to

---

[4] Plaintiffs argue, quite correctly, that some of Defendants' statements of material fact are "compound and imprecise" (Doc. 73, at 5 of 15) further noting the difficulties of precisely responding to such statements.

have lost sight of this purpose and are requesting, in essence, that the court edit the statements of fact or the responses thereto such that they pass muster under Local Rule 56.1 and can properly be considered in our disposition of the underlying summary judgment motions. Such an exercise is an ineffective use of the court's time and resources and will not aid in our disposition of the summary judgment motions. The parties are on notice that the court will not tolerate argument, equivocations, immaterial or unsupported assertions, opinions, commentary or any other statements best left for briefing in the parties' re-submissions and a failure to comply with these directives will result in striking the motions for summary judgment. An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: May 11, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PARK and BRANDY LEE PARK, individually and as parents and legal guardians of minor children ERIE PARK, JOSHUA MICHAEL PARK, ELIZABETH MAE PARK, and DESIREE MARIE TARANTINO,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **GARY VEASIE, individually and in his official capacity; OFFICER MICHAEL BOGART, individually and in his official capacity; OFFICER BRIAN MARKOCHIK, individually and in his official capacity; and, THE BOROUGH OF WEATHERLY,** : <br> : <br> **Defendants** : | **CIVIL NO. 3:09-CV-2177** <br><br><br> **Judge Sylvia H. Rambo** |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' statement of facts in support of its motion for partial summary judgment (Doc. 58) and Defendants' statement of facts in support of its motion for summary judgment (Doc. 50) and Plaintiffs' counter-statement of facts thereto (Doc. 59) are **STRICKEN** from the record.

2. Plaintiffs shall re-file a short and concise statement of material fact in accordance with the accompanying memorandum and Local Rule 56.1 in support of their motion for partial summary judgment by May 31, 2011.

1

3. Defendants' shall re-file a short and concise statement of material fact in accordance with the accompanying memorandum and Local Rule 56.1 in support of their motion for summary judgment by May 31, 2011.

4. Plaintiffs and Defendants shall file concise counter-statements of fact in accordance with the accompanying memorandum and Local Rule 56.1 by June 21, 2011.

5. The statements and counter-statements of fact shall not exceed twenty (20) pages in length.

6. The Defendants' motion to strike (Doc. 63) and motion to deem certain facts admitted (Doc. 65) are **DEEMED MOOT**.

s/Sylvia H. Rambo
United States District Judge

Dated: May 11, 2011.