THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL PARK and BRANDY LEE
PARK, Individually and as Legal
Guardians of Minor Children, ERIE
PARK, JOSHUA MICHAEL PARK,
ELIZABETH MAE PARK, and
DESIREE MARIE TARANTINO

:
:
:
:
:
:
:
:

Plaintiffs

v.

3:09-cv-2177
(JUDGE MARIANI)

GARY VEASIE, Chief of Police of the
Borough of Weatherly, Individually,
OFFICER MICHAEL BOGART,
Individually, OFFICER BRIAN
MARKOVCHIK, Individually, and the
BOROUGH OF WEATHERLY, a
Municipal Entity Within the State of
Pennsylvania

Defendants

## MEMORANDUM OPINION

The present motions in limine arise upon several disputes raised by both parties concerning evidence to be considered at trial. For the reasons set forth below, the motions will be granted in part and denied in part.

## DISCUSSION

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to

statutory authority. Evidence which is not relevant is not admissible." FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

I. **Plaintiffs' Consolidated Motions In Limine (ECF Dkt. 61)**

A. Motion In Limine to Preclude the Admission of Evidence of Prior Unrelated Incidents Allegedly Involving Brandy and Michael Park and Their Children

Plaintiffs seek to exclude certain evidence concerning previous incidents in which the police were summoned to Plaintiffs' residence for various domestic or criminal matters. Plaintiffs argue that such evidence is irrelevant and that it constitutes hearsay. These incidents include police visits to Plaintiffs' home following complaints that, *inter alia*, children were playing on the roof or were lost. In addition, Michael Veasie was cited for various violations including the illegal connection of electrical power to his home, and a failure to adhere to a police order to remove a door from an unused refrigerator on his front porch so as to neutralize a public safety concern.

Underlying Plaintiffs' Complaint, however, is the notion that Defendants selectively and unevenly enforce laws, such as those involved in the issuance of a citation to Michael Park for an expired motor vehicle inspection sticker. Plaintiffs have specifically raised the

issue of the uneven application of laws by Defendants as a cornerstone of their Complaint; thus, Plaintiffs should not be permitted exclude evidence concerning various incidents in which the police were required to interact with Plaintiffs in the course of their enforcement of municipal and state laws. Michael Park complained at public meetings about Defendants' conduct arising out of such incidents, and Defendants should be entitled to present evidence with respect to their conduct in responding to the various situations for which they were summoned to Plaintiffs' residence. Further, Plaintiffs assert that Michael Park's public statements angered Defendant Veasie, that Veasie was familiar with Plaintiffs, and that Veasie harbored feelings of animosity toward the Park family. Plaintiffs raised Defendant Veasie's familiarity with them as an element of their Complaint; as a consequence, evidence of Veasie's experiences with the Park family should not generally be excluded from trial at this juncture, though Plaintiffs may renew their objections as to relevancy or other valid grounds in response to specific testimony which Defendants attempt to offer at trial. The introduction of such evidence, in light of the circumstances of this case and the nature of the Complaint, does not conflict with the mandate of FED. R. EVID. 404(b), which prohibits the admission of prior bad acts to establish later conformity.

Finally, Plaintiffs fail to demonstrate how such evidence would constitute hearsay in violation of FED. R. EVID. 802. Nonetheless, Plaintiffs retain the right to assert any hearsay objection which they deem appropriate in response to specific testimony which Defendants attempt to present at trial.

Accordingly, Plaintiff's request to exclude the circumstances surrounding their prior contact with Defendants will be denied, without prejudice, subject to the specific objections authorized above.

B. <u>Motion to Preclude Testimony of the Neighbor, Patricia Weigard</u>

Plaintiffs seek to preclude the testimony of their neighbor, Patricia Weigard, on the grounds that any such testimony would be unsubstantiated and prejudicial. Plaintiffs argue that Weigard's testimony that she witnessed Michael Park arriving at his home prior to the raid, yelling at his son and driving away in a car which she did not see again for several days, conflicts with the testimony of other defense witnesses. Plaintiffs also claim that Weigard's testimony is unreliable because she testified at her deposition that she did not see Michael Park in handcuffs at the time of the raid. Plaintiffs assert that this testimony is unreliable, inflammatory, and irrelevant. Plaintiffs claim that it is being used to "advance the speculative, unsubstantiated, and contrived contention that Mr. Park somehow arrived home prior to the raid, removed drugs and/or drug paraphernalia from the house, and returned home while the raid was in progress." (*See* Pls.' Br. in Supp. Mot. In Limine at 7, ECF Dkt. 62.) Plaintiffs also object to the use of Weigard's testimony for the purpose of establishing that Veasie was justified in removing Michael Park's son from the home. The basis for this objection is the assertion that Veasie did not speak with Weigard prior to his placement of the child into protective custody. Plaintiffs assert that Weigard's statement "cannot be used

4

as a post hoc contrived justification for Veasie's misconduct." (*See* Pls.' Br. in Supp. Mot. In Limine at 8.)

Defendants, on the other hand, posit that Weigard's testimony is instrumental to their challenge to Michael Park's credibility. Defendants intend to challenge Michael Park's assertion that he did not arrive at the home prior to the commencement of the raid, at least in part, in reliance upon Weigard's testimony.

Given that Michael Park's credibility is an important issue in this case, it is not unreasonable to permit a neighbor to present testimony that would contradict Michael Park's sworn testimony that he did not arrive at his home on the afternoon of the raid before the commencement of police activity. A determination of credibility is an issue for a jury, and the Court should not preclude Weigard's testimony because Plaintiff argues that it contradicts the testimony of other witnesses for the Defendants. In fact, there is nothing inherently inconsistent with the testimony from some defense witnesses that Michael Park did not arrive until after the raid began, and the testimony from Weigard that she witnessed Michael Park arrive home forty-five minutes before Defendants' arrival. Consequently, Weigard's testimony is relevant as to whether Michael Park arrived at his home at an earlier time than he testified in his deposition, and such testimony will be permitted at trial.

Therefore, Plaintiff's motion in limine to preclude Weigard's testimony will be denied.

C. Motion to Exclude Evidence of Michael Park's Prior Arrests

Plaintiffs argue that evidence of Michael Park's prior arrests, as contained in Exhibit A of Plaintiffs' Consolidated Motions in Limine, is inadmissible pursuant to FED. R. EVID. 609. Plaintiffs argue that the introduction of such evidence is irrelevant to the present action and "unquestionably unfairly prejudicial." (*See* Pls.' Br.in Supp. Mot. In Limine at 9.) The only admissible felony charged against Michael Park was for violating the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. C.S.A. § 780-113; however, Defendants admit that Michael Park's "acceptance into the Pennsylvania pretrial diversionary program (ARD) does not constitute an conviction and is therefore inadmissible." (*See* Defs.' Br. in Opp. Mot. In Limine at 7-8.) Accordingly, Plaintiffs' motion in limine to exclude the admission of such evidence will be granted.

II. **Defendants' Motions in Limine (ECF Dkt. 67)**

A. Motion in Limine to Preclude Plaintiffs From Presenting Evidence, Testimony or Argument that the Weatherly Police Department Was Disorganized or in a State of Disarray

Defendants assert that they anticipate Plaintiffs will "advance evidence, testimony or argument that the Weatherly Borough Police Department was somehow disorganized or in a state of disarray." (*See* Defs.' Br. in Supp. Mot. in Limine at 5.) Gary Veasie was appointed Chief of Police in March of 2007, and served as Chief until September of 2008. "It is believed that Plaintiffs will advance a theory that the police department was disorganized and suffering from the shadow of the conduct of former Chief Brian Cara who

resigned in 2005." (*See id.*) "Chief John Petrilla was appointed in 2005 and Chief Stephen Melechoire served in 2006. An officer in charge served from the resignation of former Chief Melechoire until Gary Veasie's appointment." (*See id.*) Defendants claim that any of the conduct of these individual administrators and any perceived lack of organization in the department, at most, "amounts to claims of negligence." (*See id.* at 6.) Defendants further assert that "[t]he piecemeal presentation of non-probative evidence of the disorganization of the Weatherly Borough Police Department or of the unrelated criminal conduct of a Chief of Police who served in that position years prior to the complained of events by the Plaintiffs is ... overwhelmingly prejudicial to the defense and should be precluded." (*See id.* at 6-7.)

Evidence of disorganization in the police department with regard to policies and customs is admissible only to the degree that it supports Plaintiffs' claims under *Monell*. Plaintiffs should be permitted to introduce evidence that confusion within the police department, or a lack of training, led to the alleged violations contained in Plaintiffs' Complaint. *See Reitz v. County of Bucks*, 125 F.3d 139 (3d Cir. 1997)(failure to train is only actionable where it amounts to deliberate indifference to the rights of persons who come into contact with the municipality). Plaintiffs may not, however, admit evidence to advance a claim of negligence in connection with their § 1983 claim.

Further, evidence concerning the criminal conduct of past police officials, including criminal charges filed against them, is irrelevant and highly prejudicial. The conviction of a past chief or department official for unrelated crimes does not tend to demonstrate a lack of

7

procedures or training within the Weatherly Police Department, nor does it show any deliberate indifference to the rights of citizens. There is no causal nexus between such misconduct and any harm allegedly suffered by Plaintiffs. Plaintiffs may, however, introduce any other relevant evidence concerning a lack of training, inadequate procedures, or a defective policy, so long as such evidence is not submitted to support an argument concerning negligence.

Therefore, Defendants' motion in limine will be granted to the degree that it precludes testimony with respect to Brian Cara or the other police department chiefs or officers-in-charge who were employed by Weatherly before Veasie, but this should not be understood to preclude testimony offered to show the existence of a policy or practice during the time period relevant to Plaintiffs' clams at trial.

### B. Motion in Limine to Preclude Plaintiffs From Introducing Evidence, Testimony or Argument that Bogart was or is the Subject of an Investigation Into an Arson or Arson Murder

Defendants seek an order precluding the introduction of evidence, testimony, or argument that Defendant Michael Bogart was or is the subject of an investigation concerning an arson and murder. The alleged arson and murder investigation raised by Plaintiffs is completely irrelevant to the claims set forth in Plaintiffs' Complaint, and will only serve to confuse and inflame the jury. The introduction of such evidence and argument will serve no purpose except to prejudice the jury, and accordingly, will not be permitted at trial.

Defendants' motion in limine to exclude any evidence, testimony or argument concerning the questioning of Michael Bogart with regard to an arson and murder will be granted.

C. <u>Motion in Limine to Preclude Plaintiffs From Introducing Evidence, Testimony or Argument of Former Weatherly Police Chief Brian Cara's Criminal Conduct or Conviction</u>

Brian Cara was Chief of Police of Weatherly Borough from January 9, 1995 through March 27, 2005. He resigned his position with the Weatherly Police Department as a result of being charged, and subsequently convicted, of using drugs that had been confiscated and secured as evidence in criminal prosecutions. Defendants argue that former Chief Cara's conduct and conviction are highly prejudicial, and have no relevance to the case at bar.

The Court agrees that any evidence, testimony, or argument concerning Chief Cara's criminal conduct and subsequent conviction is prejudicial, irrelevant and in no way probative of Plaintiffs' civil rights claims that arose well after Chief Cara's resignation.

Accordingly, evidence, testimony, or argument concerning former Chief Cara's criminal convictions will not be permitted, and Defendants' motion in limine will be granted.

D. <u>Motion in Limine to Preclude Plaintiffs From Introducing Evidence, Testimony or Argument as to Former Officer Anthony McFadden's Resignation or the Purely Private Conduct that Occurred in 2009 Resulting in Criminal Charges</u>

Anthony McFadden resigned from the Weatherly Police Department in 2009 following an investigation, and the subsequent filing of criminal charges against him, for improper conduct unrelated to his duties as a police officer. Defendants argue that the

admission of any evidence, testimony, or argument concerning former Officer McFadden's unrelated criminal conduct is irrelevant, highly prejudicial, and in no way probative of the legal issues that will be presented to the jury in this matter. The Court agrees.

Officer McFadden's illegal conduct, for which he was later charged, is irrelevant to the question of whether Defendants treated Plaintiffs differently than other citizens, and whether there was any institutional dislike of Plaintiffs on the part of Defendants. Further, Officer McFadden's resignation is unconnected to any accusation of official misconduct and is in no way related to the allegations alleged in Plaintiffs' Complaint. To allow such evidence, testimony, or argument would certainly confuse the jury, prejudice the Defendants, and squander judicial resources by focusing on irrelevant material.

Accordingly, evidence, testimony, or argument concerning former Officer McFadden's criminal activity will not be permitted, and Defendants' motion in limine will be granted.

### E. Motion in Limine to Preclude Plaintiffs From Introducing Evidence, Testimony or Argument that Weatherly Chief of Police is a Policy Maker for the Weatherly Borough

The question of whether Chief Veasie is a policymaker for the Borough of Weatherly is relevant to Plaintiffs' claims arising under Section 1983.

"Municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 90 L.Ed.2d

452 (1986). "Whether a person is a policy-maker is a question of law for the judge to decide, not a fact for the jury." *Russoli v. Salisbury Tp.*, 126 F. Supp. 2d 821 (E.D. Pa. 2000)(citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)(plurality)). To determine whether an individual constitutes a "policy-maker," the court should consider state and local law and "custom or usage having the force of law." *Jett*, 491 U.S. at 737. Once the court identifies the policymaker, "it is for the jury to determine whether [the policymaker's] decisions have caused the deprivation of rights at issue by policies that command that it occur . . . or by acquiescence in a long-standing practice or custom which constitutes the standard operating procedure of the local government entity." *Id.* (citations omitted). The Third Circuit holds that

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law.

*Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)(quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)(citations omitted).

As noted in the Court's April 20, 2012 Memorandum Opinion, the record provides facts which, under the typical summary judgment framework, render it unclear as to whether Chief Veasie is a decision-maker with final authority to implement policies and procedures. However, because the Court must make a decision as to Chief Veasie's status as a

11

policymaker as a matter of law, Plaintiffs and Defendants will be ordered to file supplemental briefs, and supporting documentation, addressing this specific issue. The briefs should address whether Chief Veasie was a policymaker with final authority to promulgate policies and procedures for the Weatherly Borough Police Department. The briefs should contain very specific references to evidence which will be clearly identified as individual exhibits. All relevant municipal policies, ordinances, and organizational charts, if any, which tend to demonstrate such authority should be included as exhibits, and addressed in Defendants' brief. All evidence should be, to every extent possible, placed in a specific context. For instance, a chart demonstrating the administrative chain of command should be identifiable as being in effect during the relevant period, and as part of a larger administrative manual or organizational chart. This is also true of all other evidence wherever possible. The parties need not include any previously filed deposition, but should clearly reference, with page and docket numbers, the precise location of any testimony which Plaintiffs include in their briefs. Any other supporting evidence, from both parties, should be resubmitted independently and should accompany their respective brief.

F. <u>Motion in Limine to Preclude Plaintiffs From Introducing Evidence, Testimony or Argument that the Weatherly Borough Police Department's Policies and Procedures as of September 2008 Were in Any Way Deficient</u>

Defendants argue that Plaintiffs should not be permitted to introduce evidence, testimony, or argument that the Weatherly Borough Police Department had deficient policies or procedures in the time period relevant to Plaintiffs' claims. The Court disagrees. Such

evidence is probative of whether official policies or procedures, promulgated by a "policymaker" as that term is defined by Pennsylvania law, existed that would form the basis of a *Monell* claim. Accordingly, evidence, testimony, or argument concerning the legitimacy under *Monell* of the Weatherly Borough Police Department's policies and procedures will be permitted to show the existence of deficiencies demonstrating the unlawful nature of the policies or procedures and their adoption upon exercise of a deliberate choice by an official policymaker.

Although Defendants are correct in their assertion that negligence is an insufficient basis upon which to assert an action under § 1983, *see Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997), Plaintiff may use such evidence, testimony, or argument to demonstrate that an unlawful policy or procedure was intentionally promulgated. Plaintiffs may not, however, use the absence of any policy or procedure to support a *Monell* claim predicated upon, or which is suggestive of, negligence. Any evidence, testimony, or argument that is offered to show negligence will be excluded, and if raised during trial, a proper objection should be made at that time.

Therefore, Defendants' motion in limine will be granted in part and denied in part in accordance with the above analysis.

G. Motion in Limine to Preclude Plaintiffs From Presenting Evidence, Testimony or Argument that Chief Gary Veasie Was Under Any Obligation to Notify the Parents of J.P. Contemporaneous With the School Interview of J.P. on September 18, 2008

This Court's Memorandum Opinion of April 20, 2012 disposed of all claims relating to the propriety of Chief Veasie's questioning of Joshua Park in relation to the procurement of a search warrant for the Park residence. Accordingly, the motion in limine to preclude the presentation of evidence, testimony, and argument relating to that claim will be granted, as any such evidence is irrelevant to the remaining claims.

H. Motion in Limine to Preclude Plaintiffs From Presenting Evidence, Testimony or Argument that the Time of the Execution of the Search Warrant at the Park Property on September 18, 2008 Was In Any Way Improper

Evidence, testimony, or argument concerning the propriety of the time of the search of the Park's home by Defendants is irrelevant to the remaining claims pursuant to the Court's entry of partial summary judgment as explained in its Memorandum Opinion of April 20, 2012. Accordingly, the motion in limine to preclude the presentation of evidence, testimony, and argument relating to that claim will be granted.

I. Motion in Limine to Preclude Plaintiffs From Advancing a *Monell* Claim Against the Borough of Weatherly as there is a Total Lack of Evidence Linking Any Policy, Practice, or Custom of Weatherly Borough to the Events of September 18, 2008 of Which Plaintiffs Complain

The Court's Memorandum Opinion of April 20, 2012, permits Plaintiffs to pursue limited *Monell* claims against the Borough of Weatherly. The Court has already addressed the issue, as a matter of law, as to whether such a claim can be advanced at trial. Given the existence of disputed material facts, the Court did not fully adjudicate the matter and

leaves all pertinent factual determinations to the discretion of the jury. Accordingly, Plaintiff shall be permitted to provide evidence, testimony, and argument relating to policies, practices, and customs of Weatherly Borough for the purpose of establishing a *Monell* claim. Barring the introduction of such evidence would constitute a veiled granting of summary judgment under the guise of an evidentiary ruling. *See Mavrinac v. Emergency Medicine Ass'n of Pittsburgh*, No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007)("[a]s a general rule, if the moving party is seeking a ruling that goes beyond an evidentiary determination, there is a strong likelihood that the motion in limine deals with an inappropriate matter"). Defendants' motion in limine preventing Plaintiffs from advancing a *Monell* claim will be denied.

J. <u>Motion in Limine to Preclude Plaintiffs From Advancing a First Amendment Retaliation Claim as there is a Lack of Causal Nexus Between Park's Complained of Constitutionally Protected Conduct and the Criminal Charges Filed After the Execution of the Search Warrant</u>

The present motion in limine was addressed by the Court's Memorandum Opinion of April 20, 2012, in response to the parties' motions for summary judgment. Accordingly, the motion in limine will be denied.

Further, the question placed before the Court in the instant motion is more appropriately addressed in a motion for summary judgment as opposed to a motion in limine. The relief sought in the present motion seeks "a ruling that goes beyond an evidentiary determination," and asks the Court to address a substantive issue. *See Mavrinac*, 2007 WL 2908007, at *1. Such a request is inappropriate.

15

## CONCLUSION

For the reasons set forth in this memorandum, the motions in limine of Plaintiffs and Defendants will be granted in part and denied in part. A separate Order follows.

DATE: July 26, 2012

Robert D. Mariani
United States District Judge